# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 24, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES O. BURFORD,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0481** (BOR Appeal No. 2050053)
                        (Claim No. 920061544)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KANAWHA COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James O. Burford, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 23, 2015, in which the Board affirmed a November 14, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 8, 2013, decision denying Gabapentin, Tizanidine, and Ultracet. It also affirmed the claims administrator's February 11, 2013, decision denying Clonazepam. It also affirmed the claims administrator's August 29, 2013, decision denying Zanaflex, Neurontin, and Tramadol. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Burford worked in the maintenance department for the Kanawha County Board of Education. On June 24, 1992, he suffered a laceration when a knife punctured his right forearm. Mr. Burford was treated at Thomas Memorial Hospital where the wound was repaired, and he returned to work two days later. The claims administrator held the claim compensable. In the beginning of 2000, Mr. Burford came under the care of Timothy Deer, M.D., who treated him for right arm pain for over a decade. Dr. Deer prescribed several medications to treat Mr. Burford's complaints of pain including Zanaflex, Clonazepam, Ultracet, and Neurontin. Eventually, on November 18, 2009, Prasadarao B. Mukkamala, M.D., performed an independent medical evaluation of Mr. Burford. He recommended denying the addition of several compensable conditions to the claim related to Mr. Burford's right shoulder. Dr. Mukkamala also found that the medications Ultracet, Neurontin, Zanaflex, and Clonazepam were not needed to treat the compensable injury. Dr. Mukkamala specifically stated that Ultracet was a narcotic medication that should not be prescribed, especially because Mr. Burford's forearm pain was non-specific. Dr. Mukkamala also noted that Zanaflex was a muscle relaxer and should not be authorized because there was no evidence of muscle spasms in Mr. Burford's medical records.

On August 27, 2010, the claims administrator denied a request for Zanaflex, Clonazepam, Ultracet, and Neurontin. This decision was affirmed by the Office of Judges and ultimately affirmed by the Board of Review on October 26, 2011. On February 6, 2013, Dr. Deer requested the medications Gabapentin, Tizanidine, and Ultracet. On February 8, 2013, the claims administrator denied the request. On April 1, 2013, Dr. Deer requested authorization for the medications Zanaflex, Neurontin, and Tramadol. On February 11, 2013, the claims administrator issued a decision denying Clonazepam.

On May 6, 2013, Charles Stewart, PA-C, examined Mr. Burford and found continued pain of the right shoulder and arm. It was noted his medications were keeping him somewhat functional. Ultracet helped with his nociceptive pain, Neurontin for his neuropathic pain, and Zanaflex for his spasms. Referral to an orthopedic surgeon was recommended, as were x-rays of the right shoulder. On June 13, 2014, Mr. Burford testified at a deposition that he was employed in general maintenance by the Kanawha County Board of Education when he injured his right arm on June 24, 1992. He was installing a glass and the framing when the knife he was working with slipped and sliced into his arm. Since the injury, his right arm has been painful and he cannot use it very well. He asserted that he has suffered no other injuries to his right arm since the work incident. He testified his physician has prescribed Tramadol, Neurontin, and Zanaflex for relief of his symptoms. Mr. Burford asserted that the Tramadol relieves the pain in his arm, the Neurontin helps his aches and sharp pains and allows him to rest, and Zanaflex relaxes his muscles. The claims administrator issued an August 29, 2013, decision denying Zanaflex, Neurontin, and Tramadol.

The Office of Judges determined that the requested medications were not medically related and reasonably required to treat the compensable diagnoses on November 14, 2014. The Office of Judges found that in a previous appeal the claims administrator, Office of Judges and

Board of Review all denied the medications Zanaflex, Clonazepam, Ultracet, and Neurontin because Dr. Mukkamala found that they were not required. The Office of Judges noted that the current request was for Gabapentin, Tizanidine, Ultracet, Clonazepam, Zanaflex, Neurontin, and Tramadol. As there was not persuasive evidence to show that these medications were required, the Office of Judges relied on Dr. Mukkamala's opinion and denied authorization. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on April 23, 2015.

After review, we agree with the consistent decisions of the claims administrator, Office of Judges, and Board of Review. In relation to the medications Ultracet, Neurontin, and Zanaflex this Court has already spoken. In *Burford v. West Virginia Office of the Insurance Commissioner*, No. 14-1223 (W. Va. Supreme Court, September 16, 2015) (memorandum decision), this Court held that the Board of Review properly denied the medications Neurontin and Zanaflex. In addition, there is not persuasive evidence in the record to show that the remaining medications were medically related and reasonably required, especially considering Dr. Mukkamala's persuasive report. Therefore, it was proper for the Office of Judges and Board of Review to deny authorization for all the medications.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II